JAMES D. CLIFTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clifton v. Commissioner
Docket No. 1905-91
United States Tax Court
T.C. Memo 1991-397; 1991 Tax Ct. Memo LEXIS 426; 62 T.C.M. (CCH) 490; T.C.M. (RIA) 91397; August 14, 1991, Filed *426 Richard F. Hatfield, for the petitioner. John R. Keenan, for the respondent. RUWE, Judge. RUWE
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was filed out of time under section 6213. [1]
Background
The relevant facts can be summarized as follows. On October 16, 1990, respondent issued a statutory notice of deficiency. On January 29, 1991, petitioner filed a petition with this Court. On April 1, 1991, respondent filed a motion to dismiss for lack of jurisdiction, wherein he asserted that the petition in this case was not filed within the time allowed under section 6213. On April 26, 1991, petitioner filed a response to respondent's motion to dismiss. In his *427 response, petitioner did not contradict respondent's assertion that his petition was filed outside the time allowed under section 6213. Rather, petitioner argued that his petition was mailed, using United States mail, within the time prescribed under section 6213, and that timely mailing is treated as timely filing under section 7502. Discussion
A petition for redetermination of a deficiency must be filed with this Court within 90 days after the mailing of a statutory notice of deficiency. Sec. 6213(a). If a petition is not filed within the prescribed period, the petition must be dismissed for lack of jurisdiction. . Respondent mailed a statutory notice of deficiency to petitioner on October 16, 1990, and petitioner thus had until January 14, 1991, to file a petition with this Court. Since the petition was received by the Court and filed on January 29, 1991, petitioner must rely on section 7502 to establish the timeliness of his petition. Section 7502 modifies the general rule of section 6213(a) by providing that if a document that is required to be filed by a certain date is delivered by United States mail *428 after that date, the date of the United States postmark on the cover in which such document is mailed will be deemed to be the date the document was delivered, as long as the postmark date is within the time prescribed for filing. Section 7502(a) can only be applied, however, if the envelope containing the document is "properly addressed." Sec. 7502(a)(2)(B); . The envelope containing petitioner's Tax Court petition was addressed: Charles A. Casazza, Clerk, United States District Court, 400 Second Street, N.W., Washington, D.C. 21207 A petition will be properly addressed if it is sent to the Clerk of the U.S. Tax Court at: United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217 Rules 22 and 10(e). It is thus apparent that the envelope bearing the petition was addressed to the wrong court and the wrong zip code was used. In , we held that an envelope bearing an incorrect zip code, but otherwise properly addressed, will be treated as properly addressed. In Price, the name of the addressee was properly shown. In , *429 we held that an envelope addressed to "the Clerk, United States District Court, Washington, D.C." was not properly addressed. In the instant case, the United States District Court was shown as the court to which the envelope was to be delivered. Both the zip code and the name of the Court were incorrect. This combination of errors prevents us from finding that the envelope containing the petition in this case was "properly addressed" within any reasonable interpretation of section 7502. Therefore, petitioner cannot rely on section 7502 to establish the timeliness of his petition. The date the petition was filed with the Court, January 29, 1991, is the applicable date for determining whether the petition was timely filed. That date is 105 days after the mailing of the notice of deficiency and is not within the time prescribed by section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and this case will be dismissed for lack of jurisdiction. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect at the time of the issuance of the notice of deficiency, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩